MADISON FLETCHER, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 707.—*Sometido:* Febrero 13, 1928. *Resuelto:* Febrero 24, 1928.

GRAVÁMENES—GRAVÁMENES EXISTENTES EN EL REGISTRO—CANCELACIÓN—MENCIONES—PRECIO APLAZADO DE LA COMPRAVENTA DE INMUEBLES.—La mención de derechos puramente personales con respecto a pagos aplazados cuando éstos forman parte del precio de la venta de propiedad inmueble inscrita en el Registro, no siendo de las especificadas en la disposición final del inciso (*a*) de la sección 1 de la Ley No. 12 de 1923 según quedó enmendada por la No. 12 de 1924 (pág. 109), no procede su cancelación al amparo del disponiéndose final de dicha ley.

NOTA de *Pedro Gómez Lasserre,* R. (Mayagüez), denegando cancelación de mención de precio aplazado. *Confirmada.*

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El inciso (*a*) de la sección 1ª de la ley titulada "Ley regulando el procedimiento para la cancelación de gravámenes y menciones de derechos y la extinción de ciertas inscripciones y anotaciones por el lapso de tiempo, en el Registro de la Propiedad," aprobada en 29 de agosto de 1923, según fué enmendado en 1924, Leyes de este año, página 109, lee como sigue:

"Las menciones de hipotecas o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la' inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en. el registro. Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del de-

recho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta Ley o promueva dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro; *Disponiéndose, además,* que dichos registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar también en el respectivo registro cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique, en el título que motiva la mención que se constituye un gravamen sobre el inmueble, si hubieren transcurrido más de cinco años.''

La sección 1ª de la Ley de 1923, autoriza, entre otras cosas, la cancelación en el registro de las materias enumeradas en el inciso (*a*), ''a instancia escrita de parte o de su representante, autorizada ante notario.''

En el presente caso, el registrador de la propiedad se negó a cancelar la mención de cierto pago diferido o precio aplazado de la venta de un condominio, porque aparece del registro de la propiedad que el pago en cuestión debía hacerse dentro de un período de diez años a partir del 1º de diciembre de 1906, fecha de la escritura, y porque no han transcurrido aún veinte años desde la fecha de la inscripción de referencia, la cual fué hecha el 31 de diciembre de 1909.

La solicitud de cancelación fué hecha en la forma ordinaria de un requerimiento escrito firmado ante notario, y el registrador no tuvo ante sí la escritura de diciembre de 1906.

La Ley de 1923, según fué enmendada en 1924, y en cuanto es pertinente a cualquier cuestión aquí envuelta, autoriza la cancelación en el registro, primero, del precio aplazado de la compraventa cuando hubieren transcurrido más de veinte años desde que se verificó la respectiva mención, y, segundo, de ''cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles, cuando no se fije plazo, o no se indique en el título que motiva la mención que se cons-

tituye un gravamen sobre el inmueble, si hubieren transcurridos más de cinco años."

Si el derecho del vendedor, de acuerdo con los términos de la escritura otorgada en diciembre de 1906, equivalía a un gravamen del vendedor sobre el inmueble enajenado, para garantizar el balance adeudado del precio de la venta, entonces la nota del registrador fué indudablemente correcta.

Si, como sostiene el recurrente, el derecho de dicho vendedor era puramente personal, entonces la mención del mismo en el registro de la propiedad queda evidentemente excluido de la clase de menciones especificadas en la disposición final del inciso (*a*) según fué enmendado, ya que se refiere a pagos aplazados. El lenguaje de la Legislatura al limitar la autoridad conferida por la disposición final últimamente mencionada a la cancelación de "cualesquiera otras menciones de derechos para pago de dinero, que no se refieran al precio aplazado de la compraventa de inmuebles," es demasiado claro para necesitar interpretación. El hecho de que se dejara, bien inadvertidamente o por alguna otra causa, de incluir la mención de derechos puramente personales con respecto a pagos aplazados cuando tales pagos forman parte del precio de la venta de propiedad inmueble inscrita en el registro de la propiedad, no puede ser suplido por legislación judicial.

*Debe confirmarse la nota recurrida.*